UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

Z.F.X., a minor by Yuan Yuan VanKesteren,
his mother, and **Yuan Yuan VanKesteren**,

Case #: 2:20-CV-00962

             **Plaintiffs,**

    **- against -**

**VERIFIED
COMPLAINT**

**Riverhead Central School District**
**Pulaski Street School**
**David M. Densieski Principal of Pulaski Street School**
**Patrick K. Burke, Assistant Principal of Pulaski Street School**
**Infant Defendant K.C.** by Parents John Doe and Jane Doe
**Infant Defendant Mike Doe** by Parents Chris Doe and Mary Doe

             **Defendant.**
-------------------------------------------------------------------X

## VERIFIED COMPLAINT

Plaintiff Z.F.X., minor by Yuan Yuan VanKesteren, his mother, and Yuan VanKesteren
individually, by and through their attorneys, The Law Offices of Harvey A. Arnoff, as
and for their Verified complaint against the Defendants herein, states and allege as
follows:

### PRELIMINARY STATEMENT OF CLAIMS

1. This is a civil action wherein Plaintiffs seek equitable relief based on recognition
   of a child's liberty interest in bodily integrity, their right to be free from fear, their
   personal wellbeing and the right of parents to the knowledge that their children
   will be protected when they delegate the liberty interest associated with the
   upbringing of children and educational responsibility to a public educational
   institute.

2. The Plaintiffs seek general, compensatory, and punitive damages, together with
   costs and disbursements, including reasonable attorney fees, in order to provide
   just compensation to them for the injuries and damages that resulted from the
   unprovoked, racially motivated threats and torment of Plaintiff Z.F.X., an Asian
   American student by means of racially motivated verbal abuse and harassment in

1

school, threats of violence in school, and racially motivated physical abuse in school by certain other students also attending Pulaski Street School.

3. The physical and verbal abuse arose out of attendance at Pulaski Street School, a public educational institution acting under the color of state law to provide the Plaintiffs with a means of complying with the New York State compulsory education requirement.

4. The violation of the mind and body of Plaintiff Z.F.X. from those physical attacks and verbal abuse which included racist epithets, threats, and violent and aggressive behavior occurred because the Defendant tolerated and condoned racist attitudes among the students attending Pulaski Street School.

5. Defendants Riverhead Central School District, and Pulaski Street School contracted to provide an elementary school education yet failed to protect Plaintiff Z.F.X. from verbal abuse, harassment, threats of violence, physical abuse, disparate treatment and discrimination by reason of his race, color and/or national origin and failed to take positive action as promised in the Pulaski Street School Student Handbook ("student handbook") to address racial threats, bullying, overt and implicit statements of racial bias by certain other students to Plaintiff Z.F.X.

6. Defendants had ample time to notice and act responsibly in addressing the bullying by protecting the rights of Plaintiff Z.F.X., yet they have done nothing effective to date.

7. The harm which the racially motivated bullying and physical attacks by Defendants on Plaintiff Z.F.X. is irreparable.

**JURISDICTION**

8. The jurisdiction of this Court is invoked under 28 U.S.C. §§1331 and 1343.

9. The Civil Rights Acts – 42 U.S.C. §1981, 42 U.S.C. §1983, 42 U.S.C. §1985, and 42 U.S.C. §1986 are an integrated legislative unit manifesting the intent of Congress to create a bundle of rights protected by the Constitution.

10. This Court is requested to exercise supplemental jurisdiction with respect to Plaintiff's State Law claims pursuant to 28 U.S.C. §1367.

11. This action has been commenced within the three-year statute of limitations applicable to federal civil rights actions brought pursuant to 42 U.S.C. §§1981,

1983, 1985 and 1986 as well as within the applicable statutes of limitations for the pendant state law claims.

## EQUITY JURISDICTION

12. This Honorable Court is being asked to fashion an appropriate equitable remedy and provide equitable relief for the benefit of the Plaintiffs.

13. The medical records demonstrating the injuries which Plaintiff Z.F.X. suffered are sufficient to clearly establish the Plaintiff's irreparable injury and fear of irreparable injury in the context of the violence in the schools during this year.

## VENUE

14. All of the events involving the parties to this action occurred in Suffolk County, New York.

15. The Plaintiffs each reside in Suffolk County, New York.

16. The principle place of operation of the Defendant Pulaski Street School is in Suffolk County, New York.

17. The principle place of operation of the Defendant Riverhead Central School District is in Suffolk County, New York.

18. Upon information and belief, the infant Defendants each reside with their parents in Suffolk County, New York.

19. Upon information and belief, the parents of the infant Defendants each reside in Suffolk County, New York.

20. Venue in the Eastern District of New York is proper under 28 U.S.C. §1391.

## THE PLAINTIFFS

21. Plaintiff Z.F.X. is an Asian American male child who, at the time of the events giving rise to the causes of action herein was twelve/thirteen years of age and about to graduate from Sixth Grade at Pulaski Street School and move on to middle school at the Riverhead Middle School.

22. That Plaintiff Z.F.X. has been a student at Pulaski Street School since fifth grade.

23. Plaintiff Yuan Yuan VanKesteren is the mother and natural guardian of the Plaintiff Z.F.X.

## THE INSTITUTIONAL DEFENDANTS

24. Upon information and belief, at all times and at all the places stated and alleged in this complaint:

25. According to the student handbook which Pulaski Street School provides to its students at the beginning of the school year "The mission Pulaski Street School is to share our cultural backgrounds, nurture growth, responsibility and productivity. We strive with our community to celebrate our diversity while building agency in student learning, fostering independence through self-discovery, collaboration and inquiry within a positive school wide atmosphere."

26. Defendant Pulaski Street School applied for and did, upon information and belief, still does apply for and receive funds in the nature of aid and/or reimbursement from the federal government of the United States and from the State of New York as well as from other government sources.

27. Upon information and belief, Defendant Pulaski Street School was and is under the control of the Defendant Riverhead Central School District.

28. According to the Pulaski Street School Website, https://www.riverhead.net/schools/pulaski_street_elementary_school, Defendants Pulaski Street School and Riverhead Central School District claim that the school's mission statement is as follows:

> "The mission of the Pulaski's Positive Behavior Interventions System is to foster a positive, nurturing and safe school environment. The focus of the program is to promote positive behavior and foster good work habits.
> Clear expectations of the behaviors are visible throughout our school. We explicitly teach these expectations to the students and celebrate positive behaviors with notes, acknowledgment and rewards."

29. Defendant David M. Densieski is the principal of the Pulaski Street School.

30. According to the Pulaski Street School's website, https://www.riverhead.net/schools/pulaski_street_elementary_school, in a letter written by Defendant David M. Densieski, as Principal, the Defendants David M. Densieski and Pulaski Street School claim the following:

> "Our diversity is our strength. It is the unique quality that defines Riverhead Central School District. Please continue to support one another as we share in the same goal, fostering independence through self-discovery, collaboration and inquiry within a positive school wide atmosphere."

31. Defendant Densieski's letter goes on to quote the Greek philosopher Epictetus in stating that:

> "Epictetus taught a way of life, not a theoretical quote and this was its premise. All external events are beyond our control, individuals are responsible for their own actions, which they can control through their response. I find myself stating that over and over to my students, my own children and myself. We don't have the control over what other people do, we can only control how we choose to respond. As state mandates, test scores, changing demographics, class size, focus distinction and life comes our way, we navigate it with a spirit understanding, kindness and love."

32. Upon information and belief, Defendant David M. Densieski knew, or should have known, that one or more of the students attending Pulaski Street School bullied Plaintiff Z.F.X, and manifested overtly racist gestures towards Plaintiff Z.F.X because he is an Asian American.

33. Upon information and belief, Defendant David M. Densieski knew, or should have known of the one or more students that continued to bully Plaintiff Z.F.X. throughout the entire school year based on Plaintiff Z.F.X.'s race.

34. Upon information and belief, Defendant David M. Densieski knew or should have known of the one or more students that pushed Plaintiff Z.F.X. causing him to trip and fall and tear his meniscus, and sprain his MCL, and that this attack was based on Plaintiff Z.F.X.'s race.

35. Upon information and belief, Defendant David M. Densieski knew or should have known of the one or more students that punched Z.F.X. causing Z.F.X. irreparable harm in his left (dominant) hand, and that this attack was based on Z.F.X.'s race.

36. Upon information and belief, Defendant Patrick K. Burke knew, or should have known, that one or more of the students attending Pulaski Street School bullied Plaintiff Z.F.X, and manifested overtly racist gestures towards Plaintiff Z.F.X because he is an Asian American.

37. Upon information and belief, Defendant Patrick K. Burke, the assistant principal at Pulaski Street School, knew, or should have known of the one or more students that continued to bully Plaintiff Z.F.X. throughout the entire school year based on Plaintiff Z.F.X.'s race.

38. Upon information and belief, Defendant Patrick K. Burke knew or should have known of the one or more students that pushed Plaintiff Z.F.X. causing him to trip and fall and tear his meniscus, and sprain his MCL, and that this attack was based on Plaintiff Z.F.X.'s race.

39. Upon information and belief, Defendant Patrick K. Burke knew or should have known of the one or more students that punched Z.F.X. causing Z.F.X. irreparable harm in his left (dominant) hand, and that this attack was based on Z.F.X.'s race.

40. Upon information and belief, Defendant Patrick K. Burke knew, or should have known of the one or more to bully Plaintiff Z.F.X. throughout the entire school year based on Plaintiff Z.F.X.'s race.

41. Upon information and belief, Defendant Riverhead Central School District knew, or should have known, that one or more of the students attending Pulaski Street School bullied Plaintiff Z.F.X, and manifested overtly racist gestures towards Plaintiff Z.F.X because he is an Asian American.

42. Upon information and belief, Defendant Riverhead Central School District knew, or should have known of the one or more students that continued to bully Plaintiff Z.F.X. throughout the entire school year based on Plaintiff Z.F.X.'s race.

43. Upon information and belief, Defendant Riverhead Central School District knew or should have known of the one or more students that pushed Plaintiff Z.F.X. causing him to trip and fall and tear his meniscus, and sprain his MCL and that this attack was based on Plaintiff Z.F.X.'s race.

44. Plaintiff Z.F.X. still suffers from knee pain, and has very limited use of his leg due to this incident.

45. Upon information and belief, Defendant Riverhead Central School District knew or should have known of the one or more students that punched Z.F.X. causing Z.F.X. irreparable harm in his left (dominant) hand, and that this attack was based on Z.F.X.'s race.

## THE BULLYING – VERBAL

46. At all times relevant to this litigation, Plaintiff Z.F.X. was a duly enrolled, identifiable and identified graduating fifth grade student at Pulaski Street School.

47. Upon information and belief, Defendants Pulaski Street School, Riverhead Central School district, David M. Densieski, and Patrick K. Burke individually and/or collectively, jointly and or severally, tolerated, condoned and effectively facilitated highly offensive racial harassment and bullying between the students at Pulaski street school.

48. Upon information and belief, Defendants Pulaski Street School, Riverhead Central School district, David M. Densieski, and Patrick K. Burke individually and/or collectively, jointly and or severally, tolerated, condoned and effectively facilitated regular verbal bullying and harassment between the students at Pulaski street school in an unmonitored or supervised setting.

49. Upon information and belief, Defendants Pulaski Street School, Riverhead Central School district, David M. Densieski, and Patrick K. Burke individually and/or collectively, jointly and or severally, tolerated, condoned and effectively facilitated racial animus by other students against Plaintiff Z.F.X., an Asian American student at Pulaski Street School.

50. Defendants, collectively, subjected Plaintiff Z.F.X. to a racially hostile environment whereby he was unable to obtain an education and enjoy the contractual relationship for an elementary school education as the other students who attended Pulaski Street School.

51. Upon information and belief, infant Defendant John Doe, made highly offensive racist comments towards Plaintiff Z.F.X. on a daily basis in between classes for the entire length of the 2018 school year which were targeting and racist towards

Asian people, with the knowledge and intent to attack Plaintiff Z.F.X. for his ethnicity, and race as an Asian American.

52. Upon information and belief, infant Defendant K.C., made highly offensive racist comments towards Plaintiff Z.F.X on a daily basis during class for the entire length of the 2018 school year which were targeting and racist towards Asian people, with the knowledge and intent to attack Plaintiff Z.F.X. for his ethnicity, and race as an Asian American.

53. Upon information and belief, infant Defendants John Doe and K.C., called Plaintiff Z.F.X. certain racial slurs including but not limited to the following names: Chino, Chinaman, and Chink on a daily basis for the entire length of the 2018 school year with the knowledge and intent to attack Plaintiff Z.F.X. for his ethnicity, and race as an Asian American.

54. Upon information and belief, infant Defendants John Doe and K.C., made highly offensive and racist faces towards Plaintiff Z.F.X which were targeted towards Asian people, with the knowledge and intent to attack Plaintiff for his ethnicity, and race as an Asian American.

55. Plaintiff Z.F.X. did report these racially charged verbal attacks to a supervisor at the school and to his parents because he was afraid and intimidated by the intent of the verbal bullying.

56. Upon information and belief, as a result of Plaintiff Z.F.X. reporting these incidents to a supervisor at the school he was physically attacked on two (2) separate occasions following his report.

## THE BULLYING – PHYSICAL

57. Upon information and belief, on or about January 9, 2019, Plaintiff Z.F.X. was entering a restroom at Pulaski Street School when he was pushed to the ground by infant Defendant K.C.

58. Upon information and belief, infant Defendant K.C. Threatened Plaintiff Z.F.X. and told him not to inform his mother or father or teacher.

59. On or about January 10th, 2019, upon awakening, Plaintiff Z.F.X. had severe right knee pain and significant swelling.

60. On or about January 10th, 2019, Plaintiff Z.F.X. was brought to the emergency room at Peconic Bay Medical Center, at which time an X-Ray and MRI were performed which both revealed that Plaintiff Z.F.X. had a torn meniscus, and sprained MCL.

61. As a result of Defendant K.C. pushing Plaintiff Z.F.X. to the ground, Plaintiff Z.F.X. suffered a torn meniscus, and sprained MCL.

62. As a result of Defendant K.C. pushing Plaintiff Z.F.X. to the ground, Plaintiff Z.F.X. was out of school for more than one week, and walked on crutches.

63. As a result of Defendant K.C. pushing Plaintiff Z.F.X. to the ground, Plaintiff Z.F.X. was not able to participate in any physical education classes for the remainder of the 2019 school year.

64. As a result of Defendant K.C. pushing Plaintiff Z.F.X. to the ground, Plaintiff Z.F.X. was not able to participate in any extracurricular activities for the remainder of the 2019 school year.

65. As a result of Defendant K.C. pushing Plaintiff Z.F.X. to the ground, Plaintiff Z.F.X. was not able to run and was limping.

66. Upon information and belief, after Defendant K.C. pushed Plaintiff Z.F.X. to the ground, Plaintiff Z.F.X. overheard Defendant K.C. say "now you can't run anymore".

67. Upon information and belief, Defendant K.C. has a history and reputation for violence at the Pulaski Street School.

68. On or about June 21st, 2019, Plaintiff Z.F.X. was participating in gym class playing a game referred to as box ball.

69. While Plaintiff Z.F.X. was playing, infant Defendant K.C. began arguing with Plaintiff Z.F.X., and as a result of the argument, infant Defendant K.C. punched Plaintiff Z.F.X. in the face, scratched his face, and pushed him to the ground and kicked him in his genitals.

70. Upon information and belief there was no teacher on duty or supervisor during the gym class.

71. Upon information and belief, a security monitor who happened to be patrolling the halls observed and attempted to take remedial action.

## THE CAUSES OF ACTION

72. After the unprovoked and unjustified racially motivated attacks and racially motivated verbal harassment on Plaintiff Z.F.X., Defendants individually and/or collectively, jointly, and/or severally, have refused to provide Plaintiff Z.F.X. and the entire VanKesteren family with necessary psychological care and treatment.

73. In operating Pulaski Street School as an educational institution offering parents a way of satisfying the New York State mandate for compulsory education of minors, Defendant Pulaski Street School and Defendant Riverhead Central School District are performing functions traditionally exclusively reserved to the State and effectively exercising *parens patriae* authority of the State.

74. Defendants Pulaski Street School, Riverhead Central School District, David M. Densieski and Patrick K. Burke individually and/or collectively, jointly and/or severally, effectuating the compulsory education mandate of the State of New York acting under the custom and color of New York State in providing education, exercised the coercive power of the State over the Plaintiff Z.F.X., and his parents with respect to certain key decisions regarding the education of Plaintiff Z.F.X.

## THE CIVIL RIGHTS ACTS

75. The individual elements of the Civil Rights Acts – 42 U.S.C. 1981, 42 U.S.C. 1983, 42 U.S.C. 1985, 42 U.S.C. 1986, - are an integrated legislative unit manifesting the intent of Congress to create a bundle of rights and provide the tools to address racist animus and racial discrimination in any form.

76. Although identified in this complaint as individual causes of action, the Plaintiffs plead the individual elements of the Civil Rights Act - 42 U.S.C. 1981, 42 U.S.C. 1983, 42 U.S.C. 1985, 42 U.S.C. 1986 – as an integrated legislative unit manifesting the intent of Congress to create a bundle of rights, as well as 42 U.S.C. 2000.

## 42 U.S.C. §1983 MUNICIPAL LIABILITY

77. That the Defendant Riverhead Central School District is organized and exists under the laws of the State of New York and is subject to the supervision and control of the New York State Department of Education, and by exercising the power and authority of the State of New York it is a state actor acting under color of state law.

78. That the Defendants Pulaski Street School, Riverhead Central School District, David M. Densieski and Patrick K. Burke individually and/or collectively, jointly and or severally failed to protect the Plaintiff Z.F.X. from the racist motivated physical and verbal attacks upon his civil rights and liberty interests and failed to provide the environment promised in the contract established by The Student Handbook.

79. Plaintiff Z.F.X. is entitled under the Constitution to obtain an elementary school education, and under the Constitution, his parents are entitled to freely enter into a contract with the Defendant Pulaski Street School to provide an elementary school education to Plaintiff Z.F.X.

80. Defendants Pulaski Street School, Riverhead Central School District, David M. Densieski and Patrick K. Burke individually and/or collectively, jointly and or severally failed to honor their contract with the Plaintiffs and provide an appropriate elementary school education for Plaintiff Z.F.X. because the Plaintiffs are Asian American citizens.

## 42 U.S.C. §1983 DENIAL OF EQUAL PROTECTION

81. Plaintiff Z.F.X. is a member of a constitutionally protected class by virtue of the fact that he is an Asian American citizen and may not be subjected to purposeful discriminatory treatment.

82. Plaintiff Yuan Yuan VanKesteren, the parent of Plaintiff Z.F.X., is also a member of a constitutionally protected class by virtue of the fact that she is an Asian American citizen and may not be subjected to purposeful discriminatory treatment.

83. Plaintiff Z.F.X. as an Asian American boy is the victim of a purposeful discrimination directed at an identifiable class.

## 42 U.S.C. §1983 VIOLATING BODILY INTEGRITY

84. By permitting the unprovoked and unjustified racially motivated physical and verbal attacks upon the civil rights and liberty interests of Plaintiff Z.F.X., Defendants tolerated, condoned and effectively facilitated an act so egregious and so outrageous as to shock the conscience of any rational person.

85. Plaintiff Z.F.X. who has a fundamental liberty interest to be free from physical and mental intrusion and harm was subjected to continued harassment and racial discrimination that was tolerated, condoned, and effectively facilitated by Defendants Pulaski Street School, Riverhead Central School District, David M. Densieski and Patrick K. Burke individually and/or collectively, jointly and or severally.

86. That Defendants Pulaski Street School, Riverhead Central School District, David M. Densieski and Patrick K. Burke individually and/or collectively, jointly and or severally, acted in the place and stead of the State of New York as *parens patriae in loco parentis* and exercised custody, dominion, and control of all students at Pulaski Street School.

87. Defendants Pulaski Street School, Riverhead Central School District, David M. Densieski and Patrick K. Burke individually and/or collectively, jointly and or severally, knew Plaintiff Z.F.X. had a liberty interest to be free from insidious discrimination, racially motivated threats and attacks and yet was subject to continued harassment and racial discrimination that was tolerated, condoned and effectively facilitated by Defendants collectively.

88. Defendants Pulaski Street School, Riverhead Central School District, David M. Densieski and Patrick K. Burke individually and/or collectively, jointly and or severally. acting under the custom and color of New York State in providing compulsory education, acted and/or failed to act with callous indifference to the outcome of their actions and/or lack of action with neglect so egregious as amounting to malice, all in violation of Plaintiffs' constitutional rights.

## 42 U.S.C. §1983 IMPROPER SUPERVISION

89. Defendants Pulaski Street School, Riverhead Central School District, David M. Densieski and Patrick K. Burke individually and/or collectively, jointly and or severally, acting under the custom and color of New York State in providing compulsory education, maintaining an educational institution acting as *parens patriae in loco parentis* with regard to Plaintiff Z.F.X. has a duty to protect the

health and safety of Plaintiff Z.F.X. and provide a safe and secure environment for the Plaintiff Z.F.X. and all of the students at Pulaski Street School without regard to race and/or national origin and assure that the Plaintiff Z.F.X. could attend school, study, and learn without threat of racially motivated physical and verbal attacks upon his civil rights and liberty interests.

90. Defendants Pulaski Street School, Riverhead Central School District, David M. Densieski and Patrick K. Burke individually and/or collectively, jointly and or severally, knew or should have known, of the propensity of the infant Defendants for conduct such as the unprovoked and unjustified racially motivated physical and verbal attacks upon the civil rights and liberty interests of Plaintiff Z.F.X. which caused him serious and permanent injury and damage on the premises of Pulaski Street School.

91. Defendants Pulaski Street School, Riverhead Central School District, David M. Densieski and Patrick K. Burke individually and/or collectively, jointly and or severally, acting under the custom and color of New York State in providing compulsory education, exercised custodial supervision and control over Plaintiff Z.F.X. and the infant defendants.

92. Defendants Pulaski Street School, Riverhead Central School District, David M. Densieski and Patrick K. Burke individually and/or collectively, jointly and or severally, did breach both contract and duty to the Plaintiff Z.F.X.'s mother by allowing the infant Defendants to continue their bullying to the point of physical harm.

93. Defendants Pulaski Street School, Riverhead Central School District, David M. Densieski and Patrick K. Burke individually and/or collectively, jointly and or severally, ignored the complaints made by Plaintiff Z.F.X. about the racially motivated physical and verbal attacks upon the civil rights and liberty interests of Plaintiff Z.F.X.

94. Defendants Pulaski Street School, Riverhead Central School District, David M. Densieski and Patrick K. Burke individually and/or collectively, jointly and or severally refused to speak with the parents of Plaintiff Z.F.X. with regard to the racially motivated physical and verbal attacks upon the civil rights and liberty interests of Plaintiff Z.F.X.

95. Defendants Pulaski Street School, Riverhead Central School District, David M. Densieski and Patrick K. Burke individually and/or collectively, jointly and or

severally, knew or should have known of the racial animus, discrimination, and threats by the infant Defendants, yet they still refuse to take action to insulate and protect Asian Americans from ongoing harm and threats of harm.

96. Defendants, collectively, endeavor to perform compulsory education yet refuse to act in *loco parentis* in resolving an ongoing threat based on the race of Plaintiff Z.F.X.

97. Defendants Pulaski Street School, Riverhead Central School District, David M. Densieski and Patrick K. Burke individually and/or collectively, jointly and or severally, knew or should have known that racial tensions existed within the Pulaski Street School regarding the presence of Plaintiff Z.F.X., an Asian American boy, and that the failure to establish appropriate policies, practices and procedures for dealing with such racial tensions and then to properly implement such policies, practices and procedures through the considered actions of properly trained, supervised and managed employees would certainly result in depriving Plaintiff Z.F.X. of his civil, human, and constitutional rights.

98. That Defendant Pulaski Street School had a non-delegable duty to establish policies and Defendants David M. Densieski and Patrick K. Burke had a non-delegable duty to provide a safe and secure school environment which would minimize the risk of racially motivated attacks upon the civil liberty interests of Plaintiff Z.F.X.

99. Defendants Pulaski Street School, Riverhead Central School District, David M. Densieski and Patrick K. Burke individually and/or collectively, by virtue of their standing *in loco parentis* with respect to students in their care, custody and control, were required to protect the rights of all students at Pulaski Street School to personal security, bodily integrity and the right to be free from fear of the threat of violence and racially motivated attacks upon the civil rights and liberty interests by reason of their race and/or national origin.

100.     Defendants, jointly and severally, individually and collectively, were negligent and/or grossly negligent, careless and/or reckless, in failing to properly investigate the complaint of the Plaintiffs and thereby violated the rights of Plaintiff Z.F.X. secured under the Constitution of the United States and the New York State Constitution.

# U.S.C. §2000-D CIVIL RIGHTS ACT TITLE VI

101.     That the Defendants Pulaski Street School, Riverhead Central School District, David M. Densieski and Patrick K. Burke individually and/or collectively, jointly and or severally had actual knowledge of the racial hostility and the harassment, and racially motivated attacks on the Plaintiff Z.F.X.

102.     That the Defendants Pulaski Street School, Riverhead Central School District, David M. Densieski and Patrick K. Burke individually and/or collectively, jointly and or severally, were deliberately indifferent to the harassment and racially motivated attacks on the Plaintiff Z.F.X.

103.     That the racially motivated attacks, and racist verbal harassment and bullying was so severe, pervasive, and objectively offensive as to establish *prime facie* severe and discriminatory harassment.

104.     That the racially motivated attacks, and racist verbal harassment and bullying was so severe, pervasive, and objectively offensive that the Plaintiff Z.F.X. was deprived of access to the educational benefits or opportunities afforded by Pulaski Street School and Riverhead Central School District.

105.     That the Defendants Pulaski Street School, Riverhead Central School District, David M. Densieski and Patrick K. Burke individually and/or collectively, jointly and or severally, to take actions to prevent or remediate the effects of the racist motivated physical and verbal attacks upon the civil rights and liberty interests of Plaintiff Z.F.X. has created a separate and profoundly unequal educational experience for Plaintiff Z.F.X. as an Asian American student.

106.     That the Defendants Pulaski Street School, Riverhead Central School District, David M. Densieski and Patrick K. Burke individually and/or collectively, jointly and or severally, to take actions to prevent or remediate the effects of the racist motivated physical and verbal attacks upon the civil rights and liberty interests of Plaintiff Z.F.X. was so severe, pervasive and objectively offensive that it deprived the Plaintiff Z.F.X. of access to the educational opportunities or benefits afforded by Pulaski Street School, and Riverhead Central School District.

107.     That the Defendants Pulaski Street School, Riverhead Central School District, David M. Densieski and Patrick K. Burke individually and/or collectively, jointly and or severally, to take actions to prevent or remediate the effects of the racist motivated physical and verbal attacks upon the civil rights and

liberty interests of Plaintiff Z.F.X. clearly evidences discrimination against him on the basis of race, that discrimination was intentional, and that the discrimination was a substantial or motivating factor for the failure of the Defendants, individually and/or collectively, jointly and or severally, to take action to prevent or remediate the effects of the racist motivated physical and verbal attacks upon the civil rights and liberty interests of Plaintiff Z.F.X.

108.     That the Defendants Pulaski Street School, Riverhead Central School District, David M. Densieski and Patrick K. Burke individually and/or collectively, jointly and or severally, to take actions to prevent or remediate the effects of the racist motivated physical and verbal attacks upon the civil rights and liberty interests of Plaintiff Z.F.X. has created a racially discriminatory environment and school environment hostile to Asian American students such as Plaintiff Z.F.X., and which effectively deprived him of access to an education.

109.     Upon information and belief, Defendant Riverhead Central School District is a recipient of federal funding.

110.     Upon information and belief, Defendant Pulaski Street School is a recipient of federal funding.

111.     Defendants Pulaski Street School, Riverhead Central School District, David M. Densieski and Patrick K. Burke individually and/or collectively, jointly and or severally, acting under the custom and color of New York State in providing compulsory education, exercised control over the students in Pulaski Street School who subjected the Plaintiff Z.F.X. to severe and discriminatory harassment.

112.     Defendants Pulaski Street School, Riverhead Central School District, David M. Densieski and Patrick K. Burke individually and/or collectively, jointly and or severally, acting under the custom and color of New York State in providing compulsory education, had actual knowledge of the severe and discriminatory harassment suffered by the Plaintiff Z.F.X. and acted with deliberate indifference to such harassment, and physical harm caused to the Plaintiff Z.F.X.

113.     Upon information and belief the Defendants Pulaski Street School, Riverhead Central School District, David M. Densieski and Patrick K. Burke demonstrated patterns of racial/ethnic disproportionality in disciplinary actions including the historic failure to treat Asian American students who make

complaints with equal respect, footing and action when those made by other students and conversely, treat Asian American students as equal in discipline or lack thereof.

## 42 U.S.C. §1981: CONTRACT RIGHTS

114.     The Plaintiffs by acknowledging receipt, understanding and agreeing to the substance of the Pulaski Street School Student Handbook entered into, and established a contractual relationship with Defendants Riverhead Central School District and Pulaski Street School.

115.     Plaintiff, Yuan Yuan VanKesteren an Asian American, was not treated the same as other parents who executed the same contract.

116.     Plaintiff Z.F.X., an Asian American, has been deprived of equal opportunity to enjoy the benefits of the Riverhead Central School District's education at Pulaski Street School.

117.     Plaintiff Z.F.X., an Asian American, upon informing the school that ongoing racial bullying was occurring as well as racially motivated attacks had occurred, Plaintiff Z.F.X. did not receive equal benefit of the school contract, resources and compulsory education that other students received.

118.     Defendants Pulaski Street School, Riverhead Central School District, David M. Densieski and Patrick K. Burke individually and/or collectively, jointly and or severally, allowed continued enrollment of other, non-Asian students, who bullied and made racist and highly offensive comments towards Plaintiff Z.F.X on a daily basis, and later attacked Plaintiff Z.F.X. because of his ethnicity, in violation of the terms of the Student Handbook.

119.     The Plaintiffs have chosen to act by bringing this action seeking equitable relief before a foreseeable act of violence occurs for a third time against the Plaintiff Z.F.X.

120.     Defendants Pulaski Street School, Riverhead Central School District, David M. Densieski and Patrick K. Burke individually and/or collectively, jointly and or severally, acting under the custom and color of New York State law in providing education, knew or should have known that the racist and highly offensive verbal abuse, and racially motivated physical bullying would cause

Plaintiff Z.F.X. to fear of the threat of continued imminent violent physical harm, and the actual physical harm which did occur.

121.    Defendants Pulaski Street School, Riverhead Central School District, David M. Densieski and Patrick K. Burke individually and/or collectively, jointly and or severally, acting under the custom and color of New York State law should have reasonably been on notice of a possible second attack against Plaintiff Z.F.X. after the racially motivated verbal and physical bullying was reported to them.

122.    According to the Student Handbook, "The mission Pulaski Street School is to share our cultural backgrounds, nurture growth, responsibility and productivity. We strive with our community to celebrate our diversity while building agency in student learning, fostering independence through self-discovery, collaboration and inquiry within a positive school wide atmosphere."

123.    According to the Student Handbook annexed hereto as **Exhibit "A"** Pulaski Street School agrees to take the appropriate in dealing with violations of school policy. See pages two through eight of the student handbook.

124.    Defendants Pulaski Street School, Riverhead Central School District, David M. Densieski and Patrick K. Burke individually and/or collectively, jointly and or severally, knew of or should have known that the racist and highly offensive verbal abuse, and racially motivated physical bullying upon the civil rights and liberty interests of Plaintiff Z.F.X. failed to take appropriate action as stated in the Student Handbook for the outrageous violations of school policy.

125.    Defendants Pulaski Street School, Riverhead Central School District, David M. Densieski and Patrick K. Burke individually and/or collectively, jointly and or severally, have acted together to conceal and cover up the unprovoked and unjustified racist and highly offensive verbal abuse, and racially motivated physical bullying upon the civil rights and liberty interests of Plaintiff Z.F.X. at Pulaski Street School.

126.    Defendants Pulaski Street School, Riverhead Central School District, David M. Densieski and Patrick K. Burke individually and/or collectively, jointly and or severally tolerated, condoned or and permitted to continue the racially discriminatory targeting of Plaintiff Z.F.X. and the racist motivated attacks upon his civil rights and Liberty interest by certain other student effectively denying Plaintiff, an Asian American citizen, of all the benefits of a public school

education, one of the rights, privileges, and immunity's subject to equal protection of the laws.

127. Defendants Pulaski Street School, Riverhead Central School District, David M. Densieski and Patrick K. Burke individually and/or collectively, jointly and or severally acting under the custom and color of New York State in providing compulsory education, having the duty and the authority and power to do so, failed to properly and thoroughly investigate and review the unprovoked and unjustified racist motivated attacks upon the civil rights and Liberty interests of the Plaintiff Z.F.X.

128. Defendants Pulaski Street School, Riverhead Central School District, David M. Densieski and Patrick K. Burke individually and/or collectively, jointly and or severally acting under the custom and color of New York State in providing compulsory education, by their actions and inappropriate lack of attention denied and deprived the Plaintiff Z.F.X. of their constitutional rights and in their actions and inactions said Defendants appear to have been motivated by illegal considerations of race, national origin and color.

129. The protection from racist motivated attacks upon the civil rights and Liberty interests of Plaintiff Z.F.X. is conduct explicitly set forth by the contract created by the student handbook, as well as appropriate Federal and State guidelines.

130. Upon information and belief, Defendants Pulaski Street School, Riverhead Central School District are beneficiaries of funds provided by the taxpayers of the United States and the state of New York and they provide means of complying with the compulsory education laws of the state of New York.

131. Upon information and belief Defendants individually and/or collectively, jointly and or severally, have made application directly or indirectly to United States government agencies for the grant or other extension of federal funds.

132. By utilizing federal funds dispersed by authority of the United States Congress under the "spending clause", Defendants Pulaski Street School, Riverhead Central School District individually and/or collectively jointly and/or severally enter into a contract under which in return for federal funds, they agree to comply with federally imposed conditions including, but not limited to, compliance with federal law prohibiting discrimination.

133.     Upon information and belief Defendants individually and/or collectively, jointly and or severally, obtain state and/or federal aid, reimbursement or other funding for special needs students.

134.     TITLE 1 of the No Child Left Behind Act (NCLB) is a federally funded program which the Riverhead Central School District is a part of and receives state and federal funds for the purpose of effectuating the NCLB Act.

135.     Teacher and Principal Training and Recruiting Fund (ESEA/NCLB Title II A) ESEA/NCLB Title II, Part A provides funds to all New York State local education agencies (LEAs) for the purpose of meeting NCLB highly qualified teaching requirements by: providing high quality professional development to ensure that teachers become, and remain calm a highly effective in helping all students to learn and achieve high performance standards; meeting highly qualified teacher requirements for core course teaching through effective teacher recruitment, retention and professional development practice and ensuring strong instructional leadership through affective principle recruitment, retention and professional development practices. The bulk of ESEA/NCLB Title II A funds (95%) are provided as formula allocations to local education agencies. ESEA/NCLB Title II A is the second largest NCLB source of formula funding allocations, Title I being the largest.

136.     That the New York State Education Department maintains a public access website at: http://www.p12.nysed.gov/funding/currentapps.html and provides the following data on Defendant Riverhead Central School District at: https://nces.ed.gov/ccd/districtsearch/district_detail.asp?Search=2&ID2=3624690&DistrictID=3624690&details, which outlines the Riverhead Central School District's receipt of federal funding.

137.     The Riverhead Central School District maintains a website containing a line by line proposed budget including but not limited to the amount of federal funds accepted. This information can be found at the following website: https://www.riverhead.net/board_of_education/1819_budget_information?fbclid=IwAR3meyqHO1cwHEc0v6_WRE3Qaietj3vd_8sSYMCizaEaKQdrlWRgRIOX-_0.

## 42 U.S.C. §2000-D: CIVIL RIGHTS ACT TITLE VI

138.     That Defendants Pulaski Street School, Riverhead Central School District, David M. Densieski and Patrick K. Burke individually and/or collectively, jointly and or severally had actual knowledge of the racial hostility against and harassment of the Plaintiff Z.F.X.

139.     Defendants Pulaski Street School, Riverhead Central School District, David M. Densieski and Patrick K. Burke individually and/or collectively, jointly and or severally, were deliberately indifferent to the harassment.

140.     That the racially discriminatory targeting of Plaintiff Z.F.X. and the racist motivated attacks upon the civil rights and Liberty interest of Plaintiff Z.F.X. was so egregiously outrageous and profoundly threatening as to establish *prima facie* severe and discriminatory harassment.

141.     The failure of Defendants, individually and/or collectively, jointly and or severally, take action to prevent or mediate the effects of the racially discriminatory targeting of Plaintiff Z.F.X. and the racist motivated attacks upon the civil rights and Liberty interests of Plaintiff Z.F.X. has created a separate and profoundly unequal educational experience for the Plaintiff Z.F.X. as an Asian American student.

142.     The failure of Defendants, individually and/or collectively, jointly and or severally, take action to prevent or remediate the effects of the racially discriminatory targeting of Plaintiff Z.F.X. and the racist motivated attacks upon the civil rights and Liberty interest of Plaintiff was so severe, pervasive, and objectively offensive that it deprived the Plaintiff Z.F.X. of access to the educational opportunities or benefits of the elementary school education promised by Defendants Pulaski Street School, Riverhead Central School District.

143.     The failure of Defendants, individually and/or collectively, jointly and or severally, to take action to prevent or mediate the effects of the racially discriminatory targeting of Plaintiff Z.F.X. and the racist motivated attacks upon the civil rights and Liberty interests of Plaintiff Z.F.X. clearly evidence is discrimination against him on the basis of race, that discrimination was intentional, and the discrimination was a substantial or motivating factor for the failure of the Defendants, individually and/or collectively, jointly and or severally to take action to prevent or mediate the effects of the racist motivated attacks upon the civil rights and Liberty interest of Plaintiff Z.F.X.

144. Defendants, individually and/or collectively, jointly and or severally, by their failure to take action to prevent or remediate the effects of the racially discriminatory targeting of Plaintiff Z.F.X. and the racist motivated attacks upon the civil rights and liberty interests of Plaintiff Z.F.X. has created a racially discriminatory environment and school environment hostile to Asian American students such as Plaintiff Z.F.X. and which effectively deprived him of access to an elementary school education

145. Upon information and belief, Defendant Pulaski Street School is the recipient of federal funding.

146. Upon information and belief, Defendant Riverhead Central School District is the recipient of federal funding.

147. Defendants Pulaski Street School, Riverhead Central School District, David M. Densieski and Patrick K. Burke individually and/or collectively, jointly and or severally acting under the custom and color of New York State in providing compulsory education, exercised control over the students in Pulaski Street School who subjected Plaintiff Z.F.X. to severe and discriminatory harassment.

148. Defendants Pulaski Street School, Riverhead Central School District, David M. Densieski and Patrick K. Burke individually and/or collectively, jointly and or severally acting under the custom and color of New York State in providing compulsory education had actual knowledge of the severe and discriminatory harassment suffered by Plaintiff Z.F.X. and acted with deliberate indifference to such harassment.

149. Defendants Pulaski Street School, Riverhead Central School District, David M. Densieski and Patrick K. Burke individually and/or collectively, jointly and or severally acting under the custom and color of New York State in providing compulsory education had actual knowledge of the severe and discriminatory harassment suffered by Plaintiff Z.F.X. and refused to act to address such harassment and its known, true threat of physical harm.

## 42 U.S.C. §2000A: CIVIL RIGHTS ACT TITLE VI

150. That by publicly claiming that it accepts any and all students without discrimination or segregation on the ground of race, color, religion, or national

origin, Defendant Pulaski Street School has assumed the status of a place of public accommodation subject to the provisions of 42 U.S.C. §2000A.

151.     By requiring parents and students attending Pulaski Street School to accept the terms, conditions and policies set forth in the student handbook as a condition for enrollment and attendance, Defendant Pulaski Street School become subject to the effects of 42 U.S.C. §2000A. and the terms and conditions of the student handbook.

152.     Defendant Pulaski Street School publicly claims that it accepts and any and all students without discrimination or segregation on the grounds of race, color, religion, or national origin, treating everyone equal on the basis of race and addressing racially intolerant behavior, yet the instant case, and upon information and belief, other examples show that Defendant Pulaski Street School tolerates, condones and effectively facilitates disparate treatment of Asian American students to the extent that it allows students engaging in racist behavior towards its Asian American members.

153.     The Plaintiff Z.F.X.'s family relied upon the contractual obligations and claim that the Defendant Pulaski Street School would not tolerate racism, bullying or harassment of Asian American students.

154.     Plaintiffs were injured and sustained damage in relying upon the representations of Defendant Pulaski Street School which represented that the school would remedy any ongoing threat based upon color and race, yet failed to act, furthering the injury and damage to Plaintiffs by refusing to speak to the Asian American Plaintiff's parents, and while doing nothing to address the ongoing threat of harm and racially motivate attacks suffered by Plaintiff Z.F.X.

## PENDENT JURISDICTION
## NEGLIGENCE

155.     Defendants Pulaski Street School, Riverhead Central School District, David M. Densieski and Patrick K. Burke individually and/or collectively, jointly and or severally had a duty to act reasonably and responsibly and not to act in a manner that would cause injury, harm, or the threat of harm to the Plaintiff Z.F.X. nor permit other students to mount a racially motivated attack and assault upon his civil rights and Liberty interest resulting in psychological abuse.

156.     Defendants Pulaski Street School, Riverhead Central School District, David M. Densieski and Patrick K. Burke individually and/or collectively, jointly and or severally had a duty to act as careful and prudent custodians of the lives, health, and safety of the students entrusted to their care and custody *in loco parentis*, and not take any actions and not allow others to take any actions which would endanger the health, safety, or life of the Plaintiff Z.F.X. or permit racially motivated attacks and assault upon the Plaintiff Z.F.X.'s civil rights and liberty interest by other students.

157.     Defendants Pulaski Street School, Riverhead Central School District, David M. Densieski and Patrick K. Burke individually and/or collectively, jointly and or severally were careless, negligent and reckless in protecting the health and safety of Plaintiff by, among other derelictions of duty, failing to supervise the conduct of the students which resulted in the racially motivated attack on the civil rights and Liberty interest of Plaintiff Z.F.X. causing him serious and permanent injury and damage.

158.     Defendants Pulaski Street School, Riverhead Central School District, David M. Densieski and Patrick K. Burke individually and/or collectively, jointly and or severally, were careless, negligent and reckless in protecting the health and safety of Plaintiff Z.F.X. by, among other derelictions of duty, failing to properly investigate the racially motivated attacks upon the civil rights and liberty interest of Plaintiff Z.F.X. and discipline those responsible, although Defendants knew or with the exercise of due care and diligence in their duties to the Plaintiffs, should have known of the ongoing and constant potential for such actions by the certain students.

159.     Defendants Pulaski Street School, Riverhead Central School District, David M. Densieski and Patrick K. Burke individually and/or collectively, jointly and or severally should have been on notice of future bullying and/or racially motivated attacks on Plaintiff Z.F.X. after the first occurrence of bullying.

160.     Defendants Pulaski Street School, Riverhead Central School District, David M. Densieski and Patrick K. Burke individually and/or collectively, jointly and or severally knew or should have known that the racially motivated bullying and attacks required immediate action to prevent further injury and damage to Plaintiff Z.F.X.

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

161.    Defendants, individually and/or collectively, jointly and or severally, acted outrageously and beyond the bounds of decency in allowing, permitting, and facilitating an unprovoked and unjustified racially motivated attack upon the civil rights and liberty interest of Plaintiff Z.F.X. by certain students which resulted in serious and permanent injury and damage causing the Plaintiff Z.F.X. to suffer pain, shame, humiliation and anguish.

162.    Defendants, individually and/or collectively, jointly and or severally, knew or should have known that their actions, lack of action, and neglect would cause emotional and physical harm to the Plaintiff Z.F.X. and his parents.

163.    Knowing the racially motivated bullying and racially motivated attacks evoke fear of physical harm and intimidation, and fear of continued physical harm, Defendants Pulaski Street School, Riverhead Central School District, David M. Densieski and Patrick K. Burke individually and/or collectively, jointly and or severally knew and had reason to believe that racially motivated bullying and racially motivated attacks by the infant Defendants created and established a racially hostile education and learning environment whereby the thought of severe injury, or fear of safety, and emotional damage to Plaintiff Z.F.X. was imminent and ongoing should the threat not be removed.

164.    Defendants Pulaski Street School, Riverhead Central School District, David M. Densieski and Patrick K. Burke individually and/or collectively, jointly and or severally, knew or should have known that when infant Defendants bullied and attacked Plaintiff Z.F.X., there was a real intimation of imminent violence, and continued violence.

165.    The Plaintiff Yuan Yuan VanKesteren feared for the safety of the Plaintiff Z.F.X. when the infant Defendants were in school.

## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

166.    Defendants Pulaski Street School, Riverhead Central School District, David M. Densieski and Patrick K. Burke individually and/or collectively, jointly and or severally, acted outrageously and beyond the bounds of decency in allowing, permitting, and facilitating an unprovoked and unjustified racist attack upon the civil rights and liberty interest of Plaintiff Z.F.X., which resulted in

emotional and physical harm to Plaintiff Z.F.X. and caused him and his family to suffer pain, shame, humiliation and anguish.

## PRIMA FACIE TORT

167.     Defendants, individually and/or collectively, jointly and or severally, acted outrageously and beyond the bounds of decency by negligently and carelessly allowing, permitting, and facilitating certain students to participate in an unprovoked and unjust racially motivated attack on the civil rights and liberty interests of Plaintiff Z.F.X. which resulted in serious and permanent injury and damage causing the Plaintiff Z.F.X. to suffer pain, shame, humiliation and anguish.

168.     Defendants, individually and/or collectively, jointly and or severally, acted outrageously and beyond the bounds of decency by negligently and carelessly allowing, permitting, and facilitating certain students to participate in an unprovoked and unjust racially motivated attack on the civil rights and liberty interests of Plaintiff Z.F.X. which resulted in emotional and physical harm to Plaintiff Z.F.X., and caused him and his family to suffer pain, shame, humiliation and anguish.

## BREACH OF CONTRACT

169.     That the student handbook, together with other advertising, promotion and marketing materials addressed to all members of the general public without limitation or restriction and which has been sanctioned and approved by the Defendants Pulaski Street School, Riverhead Central School District, David M. Densieski and Patrick K. Burke individually and/or collectively, jointly and or severally, represents established policy of the Riverhead Central School District and Pulaski Street School and constituted an offer to all parents to enroll their children in an elementary school within the Riverhead Central School District, such as Defendant Pulaski Street School.

170.     Plaintiff Yuan Yuan VanKesteren by signing for and acknowledge receipt and understanding of the substance of the student handbook, accepted the offer of Defendant Pulaski Street School and thereby entered into a contractual relationship with Defendant Pulaski Street School, and Riverhead Central School District and by virtue of the relationship between these two Defendants.

171.     Plaintiff Yuan Yuan VanKesteren complied with all of their obligations under the contract for education created by the student handbook.

172.     Defendant Pulaski Street School, breached the contract by depriving Plaintiff Z.F.X., Asian American student attending Pulaski Street School, of his individual right to a proper elementary school education set forth in the student handbook and on the Defendant Riverhead Central School District's website, which established the contract for education between the Plaintiff Yuan Yuan VanKesteren as the parent and guardian of the Plaintiff Z.F.X. and Defendant Riverhead Central School District and Defendant Pulaski Street School.

173.     Defendants, individually and/or collectively, jointly and or severally, did conspire to deprive the Plaintiff Z.F.X., Asian American student attending Pulaski Street School of his right to a proper elementary school education set forth in the student handbook and Riverhead Central School District's website which established the contract for education between the Plaintiff Yuan Yuan VanKesteren as the parent and guardian of the Plaintiff Z.F.X. and Defendant Riverhead Central School District and Defendant Pulaski Street School.

174.     Defendants Pulaski Street School, Riverhead Central School District, David M. Densieski and Patrick K. Burke individually and/or collectively, jointly and/or severally, effectuating the compulsory education mandate of the State of New York acting under the custom and color of New York State in providing education, have acted and inappropriately failed to act to prevent racially motivated attacks upon the civil rights and liberty interests by fellow students and have deprived Plaintiff Z.F.X., an Asian American citizen of Asian American heritage, and his mother, Plaintiff Yuan Yuan VanKesteren of a proper elementary school education set forth in the student handbook and on the Defendant Riverhead Central School District's website which established the contract for education between the Plaintiff Yuan Yuan VanKesteren as the parent and guardian of the Plaintiff Z.F.X. and Defendant Riverhead Central School District and Defendant Pulaski Street School.

175.     That the Defendants, individually and/or collectively, jointly and/or severally, directly depriving Plaintiff Z.F.X. an Asian American student attending Pulaski Street School, of his individual right to a proper elementary school education set forth in the student handbook, and on the Defendant Riverhead Central School District's website which established the contract for education between the Plaintiff Yuan Yuan VanKesteren as the parent and guardian of the Plaintiff Z.F.X. and Defendant Riverhead Central School District and Defendant

Pulaski Street School, and that Plaintiff Z.F.X. has suffered serious, permanent, and irreparable injury, harm and damage due to such deprivation.

## PERSONAL INJURY AND DAMAGES

176.     That the unprovoked and unjustified racially motivated physical and verbal attacks upon the civil rights and liberty interests of Plaintiff Z.F.X., together with the actions of the Defendants, individually and/or collectively, jointly and/or severally, allowing the racially motivated physical and verbal attacks to continue throughout the 2018 school year subjected the Plaintiff Z.F.X. to great fear and terror, personal humiliation, degradation, pain, and mental and emotional distress.

177.     As a direct and proximate result of the wrongful actions and inappropriate lack of action by the Defendants, individually and/or collectively, jointly and/or severally, Plaintiff Z.F.X. has suffered injury and damages, including permanent physical injury to his hand and knee, loss of education and academic opportunities, mental and emotional distress, emotional and psychological harm, possible stunting of developmental growth, loss of self-esteem, severe anxiety, trauma, depression, loss of academic and future opportunities, public stigma, personal humiliation, social degradation, and loss of the valuable and priceless educational well-being to which he is entitled as a child in the United States.

178.     As a direct and proximate result of the wrongful actions and inappropriate lack of action by the Defendants, individually and/or collectively, jointly and/or severally, Plaintiff Z.F.X. suffered emotional injury and damage is with psychological and physical symptoms manifesting therefrom.

## DAMAGES FROM RACIAL/ETHNIC DISCRIMINATION

179.     These patterns of discrimination represent significant limitations up on the educational progress of Asian American students such as Plaintiff Z.F.X., including short and long-term negative effects on their physical, mental, and emotional health and well-being.

# PRAYER FOR RELIEF

**WHEREFORE** Plaintiffs request an Order of Protection from this Court, directed toward infant Defendants and their entire families; together with further Order of this Court.

**DIRECTING** Defendants to immediately promulgate and implement a formal school district wide policy of zero tolerance for bullying of any kind, racial hatred, and racial hate speech.

**DIRECTING** Defendants to immediately promulgate and implement a formal school district wide mandatory education program for administrators, teachers, and students about bullying, racial intolerance, and hate speech.

**DIRECTING** Defendants to establish a fully funded and insured trust fund for the benefit of the VanKesteren family and provide the following benefits from such trust fund:

1. Lifetime medical care and treatment for any and all conditions, physical or mental, sustained by the Plaintiff Z.F.X. which result from or maybe attributable to the events which are the subject of this litigation.
2. Payment of any and all costs and expenses associated with the relocation of the Plaintiff Z.F.X. to a new school.
3. Full scholarship awards including tuition, room and board, books, and incidental living in travel expenses for Plaintiff Z.F.X. from now until they complete their education at the level of their choice including post-doctoral studies at the institutions of their choice.
4. Just compensation for the general damage is suffered by the Plaintiffs.
5. Reimbursement of any and all legal expenses incurred by the Plaintiffs including attorney's fees.

**PROVIDING** such other and further equitable relief as may be appropriate under the circumstances;

**AWARDING** just compensation to the Plaintiffs as appropriate general and compensatory damages in an amount to be determined at trial;

**AWARDING** appropriate punitive damage as sufficient to deter other school administrators and employees from acting against Asian American students in a reprehensible manner similar to the way said Defendants acted against Plaintiff Z.F.X. as described herein;

**AWARDING**, pursuant to 42 U.S.C. §988, fair and reasonable attorney's fees together with the costs and disbursements and reimbursement of all the expenses incurred by the Plaintiffs and their attorneys in the prosecution of this action.

Together with such other and further relief as to this court shall deem just and proper under the circumstances.

Dated:      Riverhead, New York
             February 4, 2020

                         LAW OFFICES OF HARVEY A. ARNOFF

                         By: Harvey A. Arnoff, Esq.
                         Attorneys for Plaintiffs
                         206 Roanoke Avenue
                         Riverhead, New York 11901
                         (631) 727-3904

**VERIFICATION**

State of New York      )
                            ) s.s.:
County of Suffolk      )

       YUAN YUAN VANKESTEREN, being duly sworn, deposes and says:

       I am the Plaintiff in the within action.

       I have read the annexed Complaint and know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters I believe them to be true.

                                  *Yuan Yuan Van Kesteren*
                                 YUAN YUAN VANKESTEREN

Sworn to before me this
___ day of February, 2020

_____
Notary Public

HARVEY A. ARNOFF
Notary Public, State of New York
02AR0096585-Suffolk County
Commission Expires Oct. 31, 2021

31

Case No.

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

---

**Z.F.X.,** a minor by Yuan Yuan VanKesteren, his mother, and **Yuan Yuan VanKesteren,**

Plaintiffs,

-against-

**Riverhead Central School District**
**Pulaski Street School**
**David M. Densieski, Principal of Pulaski Street School**
**Patrick K. Burke, Assistant Principal of Pulaski Street School**
**Infant Defendant K.C.,** by Parents John Doe and Jane Doe
**Infant Defendant Mike Doe,** by Parents Chris Doe and Mary Doe

Defendants.

---

## VERIFIED COMPLAINT

---

## LAW OFFICES OF HARVEY A. ARNOFF
Attorneys for Plaintiffs
Office and Post Office Address
206 Roanoke Avenue
Riverhead, New York 11901-2794
(631) 727-3904

---

The undersigned Attorney, under penalty of perjury, hereby certifies pursuant to Section 130-1.1-a of the Rules of the Chief Administrator that, to the best of his knowledge, information and belief, formed after an inquiry reasonable under the circumstances, the presentation of the within is not frivolous as defined in Subsection (c) of Section 130-1.1.

Dated: Riverhead, New York
      February 20, 2020                       Harvey A. Arnoff, Esq.

---

SERVICE OF A COPY OF THE WITHIN _____ IS HEREBY ADMITTED.

Dated:                                    _____
                                            Attorney for

---

**PLEASE TAKE NOTICE**

___ Notice of Entry     That the within is a true copy of an    duly entered in the Office of the Clerk of the within named court on         20 .

___Notice of Settlement: That an order of which the within is a true copy will be presented for settlement to one of the judges of the within named court, at the           Court,
                              , NY, on           , 20 at       a.m.

Dated:

                           Yours, etc.

                           Law Offices of Harvey A. Arnoff
                           Attorneys for
                           206 Roanoke Avenue
                           Riverhead, New York 11901