**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------------------X

Z.F.X., a minor by YUAN YUAN
VANKESTEREN, his mother, and YUAN YUAN
VANKESTEREN,

                Plaintiffs,          **MEMORANDUM &**
                                                        **ORDER**
           -against-                               CV 20-962 (GRB)(ST)

RIVERHEAD CENTRAL SCHOOL DISTRICT,
PULASKI STREET SCHOOL, DAVID M.
DENSIESKI, PATRICK K. BURKE, INFANT
DEFENDANT K.C., by Parents John Doe and Jane
Doe, INFANT DEFENDANT MIKE DOE, by
Parents Chris Doe and Mary Doe,

                Defendants.

------------------------------------------------------------------X

**GARY R. BROWN, United States District Judge:**

      In this action, plaintiff Z.F.X., a student at the Pulaski Street School (the "School"), and his mother (together, "Plaintiffs"), allege race-based harassment that plaintiff Z.F.X. allegedly suffered at the hands of two other students while enrolled at the School. As a result, Plaintiffs bring this action against the School, its governing school district (the "District"), and its principal and assistant principal (collectively, the "School Defendants"), as well as two individual infant defendants, pursuant to Title VI of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000d *et seq.* ("Title VI"); Title II of the Civil Rights Act of 1964, 42 U.S.C. § 2000a ("Title II"); and 42 U.S.C. § 1983 ("Section 1983"), as well as various state law claims.[1] Before the Court is the School Defendants'

---

[1] Plaintiffs withdrew their Title VI claim as against the individual School Defendants, as well as their additional claim under 42 U.S.C. § 1981, at the pre-motion conference held before the undersigned on April 27, 2020.

motion to dismiss Plaintiffs' complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons set forth below, the School Defendants' motion is GRANTED and Plaintiffs' claims are DISMISSED, though Plaintiffs are granted leave to replead if the circumstances so warrant it.

## I.      Factual Background

The allegations of the complaint, which the Court must accept as true for the purposes of this motion, provide that during the 2018 school year, plaintiff Z.F.X. was subjected to racist comments on a daily basis by two fellow students based on his "ethnicity, and race as an Asian American." Compl., Docket Entry ("DE") 1, at ¶¶ 51-52. Plaintiff Z.F.X. "report[ed] these racially charged verbal attacks to a supervisor at the school and to his parents." *Id.* ¶ 55. In retaliation, the two students assaulted Z.F.X. on two occasions. *Id.* ¶ 56. First, in January 2019, defendant K.C. pushed Z.F.X. to the ground upon entering a restroom at the School, resulting in a torn meniscus and sprained MCL. *Id.* ¶¶ 57-61. Then, during a gym class in June 2019, defendant K.C. punched and scratched plaintiff Z.F.X.'s face, pushed him to the ground, and kicked him in the genitals. *Id.* ¶¶ 68-70. A passing security monitor observed this incident and attempted to take remedial action. *Id.* ¶ 71. Plaintiffs now bring claims alleging that the School Defendants "tolerated, condoned and effectively facilitated" and/or "failed to protect" plaintiff Z.F.X. from these acts of harassment and discrimination based on their alleged inactivity in response to these incidents. *See, e.g.*, *id.* ¶¶ 78, 84.

**II.     Standard of Review**

The pending motion to dismiss is decided under the well-established standard of review of motions made under Rule 12(b)(6), as discussed by way of example in *Burris v. Nassau County District Attorney*, No. 14-CV-5540 (JFB) (GRB), 2017 WL 9485714, at *3-4 (E.D.N.Y. Jan. 12, 2017), *report and recommendation adopted*, 2017 WL 1187709 (E.D.N.Y. Mar. 29, 2017), which discussion is incorporated by reference herein.  Under that standard, the Court is required to assume the allegations of the complaint to be true for the purposes of the motion.  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v Twombly*, 550 U.S. 544, 570 (2007)).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555).  "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679 (citation omitted).

**III.    Discussion**

*Claims against the Pulaski Street School*

As an initial matter, the School Defendants argue that the claims against the School must be dismissed, as "a particular school building is 'not a legal entity capable of being sued.'"  Mot., DE 24, at 6 (citations omitted).  It is well established that "[u]nder New York law, departments that are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and, therefore, cannot sue or be sued." *Davis v. Lynbrook Police Dep't*, 224 F. Supp. 2d 463, 477 (E.D.N.Y. 2002) (collecting cases).  This doctrine extends to schools,

like the defendant School here, that do not have a legal identity separate from their school district. *See, e.g.*, *Guerriero v. Sewanhaka Cent. High Sch. Dist.*, 150 A.D.3d 831, 832 (2017) (finding that the school defendant, as opposed to its governing district, was "not a legal entity capable of being sued"). Moreover, because Plaintiffs' Title II claims are lodged only against the defendant School, those claims are also subject to dismissal.[2] Accordingly, Plaintiffs' claims against the School and under Title II are DISMISSED with prejudice.

*Title VI Claims*

"Title VI prohibits a recipient of federal funds from discriminating on the basis of race, color, or national origin." *Zeno v. Pine Plains Cent. Sch. Dist.*, 702 F.3d 655, 664 (2d Cir. 2012) (citing 42 U.S.C. § 2000d). "[I]n the educational setting, a school district [may be] liable for intentional discrimination when it has been 'deliberately indifferent' to teacher or peer harassment of a student." *Id.* at 665. However, "[l]iability only arises if a plaintiff establishes: (1) substantial control, (2) severe and discriminatory harassment, (3) actual knowledge, and (4) deliberate indifference." *Id.* (citing *Davis Next Friend LaShonda D. v. Monrode Cty. Bd. of Educ.*, 526 U.S. 629, 653-50 (1999)). "A school district will be subject to liability for third-party conduct only if it 'exercises substantial control over both the harasser and the context in which the known harassment occurs.' A school district, the Supreme Court noted, exercises substantial control over the circumstances of the harassment when it occurs 'during school hours and on school grounds.'"

---

[2] Even if asserted against the District, Plaintiffs' claims under Title II, which "prohibits discrimination and segregation in places of 'public accommodation,'" fail because "[p]ublic schools do not purport to be open to the general public in the ways, that for example, hotels, restaurants and movie theaters (all establishments explicitly covered by Title II) do." *Gilmore v. Amityville Union Free Sch. Dist.*, 305 F. Supp. 2d 271, 278-79 (E.D.N.Y. 2004) (citations omitted); *see also D.W.M. by Moore v. St. Mary Sch.*, 2019 WL 4038410, at *14 (E.D.N.Y. Aug. 27, 2019) ("It is well-established precedent in the Second Circuit that schools are not places of public accommodation."). This is true even in the face of Plaintiffs' argument that the sports area bleachers convert the School into a place of public accommodation, as such use is both *de minimis* and irrelevant to the instant proceedings.

*Id.* (quoting *Davis*, 526 U.S. at 644-46). "Even assuming the requisite level of control, not all harassment is actionable. The harassment must be 'severe, pervasive, and objectively offensive' and discriminatory in effect." *Id.* (quoting *Davis*, 526 U.S. at 650-51). Discriminatory actions covered under Title VI include those that "'[r]estrict an individual in any way in the enjoyment of any advantage or privilege enjoyed by others receiving any service, financial aid, or other benefit' under the school system. Educational benefits include an academic environment free from racial hostility." *Id.* at 665-66 (quoting 34 C.F.R. § 100.3(b)(1)(iv)). Furthermore, "a school district must know of the harassment. Constructive knowledge is not enough; only actual knowledge is a predicate to liability." *Id.* at 666 (citing *Davis*, 526 U.S. at 641-43); *cf. Gebser v. Lago Vista Indep. Sch. Dist.*, 524 U.S. 274, 288 (1998). "Finally, 'only deliberate indifference to [student-on-student] harassment can be viewed as discrimination by school officials themselves.' The school's action—or inaction—must, 'at a minimum, cause students to undergo harassment or make them liable to or vulnerable to it.'" *Zeno*, 702 F.3d at 666 (citations omitted). "A finding of deliberate indifference depends on the adequacy of a school district's response to the harassment. A failure to respond, a response that 'only follows after a lengthy and unjustified delay,' and a response that 'amount[s] to deliberate indifference to discrimination,' have all been found inadequate." *Id.* (citations omitted).

      The School Defendants focus on the last two elements of the *Davis* framework (as set out above in *Zeno*), arguing that Plaintiffs have not sufficiently alleged either that the District had actual knowledge of the incidents at issue or that the District demonstrated deliberate indifference to these incidents. *See* Mot., DE 24, at 3-5. Because the Court finds that Plaintiffs have failed to

plead actual knowledge on the part of the District, it is unnecessary to reach the question of whether Plaintiffs have sufficiently pleaded deliberate indifference.[3]

"[A] school official who 'at a minimum has authority to address the alleged [harassment] and to institute corrective measures on the [school district's] behalf' must have actual knowledge of student-on-student harassment in order for the district to be liable" for such harassment under Title VI. *T.E. v. Pine Bush Cent. Sch. Dist.*, 58 F. Supp. 3d 332, 358 (S.D.N.Y. 2014) (quoting *Gebser*, 524 U.S. at 290); *see also Posso v. Niagara Univ.*, No. 19-CV-1293-LJV-MJR, 2021 WL 485699, at *5 (W.D.N.Y. Feb. 10, 2021) (A school district "has actual knowledge when 'a school official with authority to address the alleged discrimination had actual knowledge ... of the discrimination.'" (quoting *Carabello v. New York City Dept. of Educ.*, 928 F.Supp.2d 627, 638 (E.D.N.Y. 2013))). Constructive knowledge, *i.e.*, allegations that the district *should have* known of the harassment, is not enough to establish liability. *See Posso*, 2021 WL 485699, at *5 (citing *Gebser*, 524 U.S. at 290). As a result, reporting harassment to a school principal or school administrators has been found to be sufficient to establish actual knowledge. *See, e.g.*, *Pine Bush*, 58 F. Supp. 3d at 358; *Zeno*, 702 F. 3d at 668; *G.D.S. ex rel. Slade v. Northport-E. Northport Union Free Sch. Dist.*, 915 F. Supp. 2d 268, 278 (E.D.N.Y. 2012). On the other hand, "report[ing] incidents of harassment to [the student's] teachers on several occasions" has been held to be "insufficient to establish actual notice." *See Pine Bush*, 58 F. Supp. 3d at 358.

Plaintiffs present only two factual allegations that mention any School or District employees. First, Plaintiffs allege that plaintiff Z.F.X. reported the verbal attacks to a "supervisor" at the school; second, Plaintiffs allege that a "security monitor" observed the second incident of

---

[3] Indeed, it would make little sense to address whether the District made an appropriate response to harassment about which it may not have been aware. *See DiStiso v. Cook*, 691 F.3d 226, 250 (2d Cir. 2012) ("Because plaintiff's claims of deliberate indifference to physical misbehavior fail at the actual knowledge step . . . we need not consider defendants' arguments . . . based on the final, reasonable response, element of a deliberate indifference claim.").

physical assault on plaintiff Z.F.X.  *See* Compl., DE 1, ¶¶ 55, 71.  However, Plaintiffs fail to provide any further identification of either of these two individuals, whether they may have had the "authority to address" the harassment "and to institute corrective measures" on behalf of the District, or whether they may have been obligated to (or did, in fact) report these incidents to other individuals who *did* have such authority.[4]  In short, these two allegations fail to plausibly indicate that any official "with authority to address the alleged discrimination" had *actual* knowledge of the harassment.

Plaintiffs' remaining allegations concerning knowledge of these incidents on the part of the School Defendants fare no better.  For example,  Plaintiffs state that the School Defendants "ignored the complaints made by Plaintiff Z.F.X." and "refused to speak with the parents of Plaintiff Z.F.X." regarding "the racially motivated physical and verbal attacks," but provide no further detail about communications with the School Defendants or the identification of any other employees involved in such communications.  *Id.* ¶¶ 93-94.  Otherwise, Plaintiffs merely set forth precisely the sort of conclusory statements and threadbare recitals of the School Defendants' purported knowledge as proscribed by *Iqbal*.  *See, e.g., id.* ¶¶ 101, 112, 121, 138, 159, 164 (asserting that the School Defendants "knew or should have known" or had "actual knowledge" of the incidents).  Plaintiffs have therefore failed to allege that these incidents of discrimination were reported to any of the relevant School or District officials; accordingly, Plaintiffs' claim under Title VI is DISMISSED.

---

[4] Plaintiffs argue in their opposition brief that "reporting to a supervisor" in fact meant that plaintiff Z.F.X. "reported to the principal's office" after he was attacked and thereupon "informed the principal and vice principal of the events that took place." Opp., DE 20, at 6.  However, it is well established that plaintiffs "cannot amend their complaint by asserting new facts or theories for the first time in opposition to Defendants' motion to dismiss." *K.D. v. White Plains Sch. Dist.*, 921 F.Supp.2d 197, 209 n. 8 (S.D.N.Y.2013) (collecting cases); *see also Wright v. Ernst & Young LLP*, 152 F.3d 169, 178 (2d Cir. 1998).  Accordingly, these allegations are disregarded in addressing the School Defendants' motion.

*Section 1983 Claims*

Plaintiffs raise claims under § 1983, which include alleged violations of rights under the Equal Protection Clause and, apparently, substantive Due Process, but these claims cannot survive the instant motion. First, "[t]o prevail on a § 1983 claim of race discrimination in violation of equal protection, the law requires a plaintiff to prove the defendant's underlying 'racially discriminatory intent or purpose.'" *DiStiso v. Cook*, 691 F.3d 226, 240 (2d Cir. 2012) (quoting *Village of Arlington Heights v. Metro. Hous. Dev. Corp.*, 429 U.S. 252, 265 (1977)). "[C]laims of intentional race discrimination can be based on the 'deliberate indifference' of school boards, administrators, and teachers to invidious 'harassment, in the school environment, of a student by other children or parents.'" *Id.* at 241-42 (quoting *Gant ex rel. Gant v. Wallingford Bd. of Educ.*, 195 F.3d 134, 140 (2d Cir. 1999)). Where Plaintiffs have failed to allege that the District, or any official "with authority to address the alleged discrimination" (such as the individual School Defendants), had actual knowledge of the harassment, Plaintiffs clearly cannot demonstrate deliberate indifference.

Plaintiffs raise three further claims under § 1983, alleging that the School Defendants "failed to protect" plaintiff Z.F.X. from the "attacks upon his civil rights and liberty interests." *See, e.g.*, Compl., DE 1, at ¶¶ 78, 84, 89. This language suggests that Plaintiffs intended for the claims to be construed as addressing violations of substantive due process. *See, e.g.*, *United States v. McLaurin*, 731 F.3d 258, 261 (2d Cir. 2013) (discussing the concern of substantive due process claims with the invasion of liberty interests).

However, where, as here, a substantive due process claim is predicated on the same factual allegations as a separate claim based on another source of constitutional protection – for example, the Equal Protection Clause – the substantive due process claim must be dismissed. *See, e.g.*, *Hu*

*v. City of New York*, 927 F.3d 81, 104 (2d Cir. 2019) (affirming dismissal of a substantive due process claim because it "rest[ed] on the same set of factual allegations" as plaintiff's Equal Protection claim and therefore "must be analyzed under the Equal Protection Clause"); *Velez v. Levy*, 401 F.3d 75, 94 (2d Cir. 2005) (affirming dismissal of a substantive due process claim because "[w]hat [was] allegedly shocking about what the defendants[] did [was] . . . their motive to deprive [plaintiff] of liberty without procedural due process . . . facts which, if proven, would constitute, in themselves, specific constitutional violations"); *Johns v. Town of E. Hampton*, 942 F. Supp. 99, 108 (E.D.N.Y. 1996) (dismissing substantive due process claim because "the same state conduct" supporting the claim "also may be analyzed to allege claims under . . . the Equal Protection Clause of the Fourteenth Amendment"); *Rother v. NYS Dept. of Corr. and Cmty. Supervision*, No. 12–CV–0397, 2013 WL 4774484, at * 14 (N .D.N.Y. Sept. 4, 2013) ("[T]he harm and conduct challenged by the substantive-due-process . . . and equal-protection claims significantly overlap. Because the claim for substantive due process is subsumed by Plaintiff's other constitutional claims, it must be dismissed.").

To the extent that these § 1983 claims are brought against the individual School Defendants in their official capacities, they are duplicative of the § 1983 claims against the District and are dismissed as redundant. *See DeJean v. Cty. of Nassau*, No. CV-06-6317 SJF AKT, 2008 WL 111187, at *5 (E.D.N.Y. Jan. 8, 2008) ("Based upon the understanding that it is duplicative to name both a government entity and the entity's employees in their official capacity, courts have routinely dismissed corresponding claims against individuals named in their official capacity as redundant and an inefficient use of judicial resources." (quotations and citation omitted)). And, to the extent Plaintiffs intended such claims to lie against these defendants in their individual capacities, the failure to allege any personal involvement by these officials requires dismissal.

"Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*. . . . Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676 (collecting cases). "An individual may be held liable under §§ 1981 and 1983 only if that individual is 'personally involved in the alleged deprivation.'" *Littlejohn v. City of New York*, 795 F.3d 297, 314 (2d Cir. 2015) (quoting *Back v. Hastings On Hudson Union Free Sch. Dist.,* 365 F.3d 107, 127 (2d Cir.2004)); *see also Raspardo v. Carlone*, 770 F.3d 97, 116 (2d Cir. 2014) ("[Section] 1983 requires individual, personalized liability on the part of each government defendant.").

As such, Plaintiffs' claims under § 1983 are DISMISSED.

*Plaintiffs' State Law Claims*

Plaintiffs bring additional claims arising under state law, including claims for negligence, intentional infliction of emotional distress, negligent infliction of emotional distress, *prima facie* tort, and breach of contract. *See* Compl., DE 1, at ¶¶ 155-76. Having dismissed Plaintiffs' Title VI, Title II, and Section 1983 claims—the only federal causes of action—the Court finds that judicial economy, convenience, fairness and comity weigh against retaining supplemental jurisdiction over the remaining state law claims for negligence, intentional infliction of emotional distress, negligent infliction of emotional distress, *prima facie* tort, and breach of contract negligence claim, and declines to do so. These claims are therefore DISMISSED.

### IV. Conclusion

For the reasons set forth above, it is hereby ORDERED that Plaintiffs' complaint is DISMISSED in its entirety. However, leave to amend a pleading shall be "freely give[n] ... when justice so requires." *Ambac Assurance Corp. v. U.S. Bank Nat'l Ass'n*, No. 17-CV-2614, 2020 WL 42245, at *1 (S.D.N.Y. Jan. 3, 2020) (quoting Fed. R. Civ. P. 15(a)). This "'permissive standard' of Rule 15 'is consistent with [the Second Circuit's] strong preference for resolving disputes on the merits.'" *Loreley Financing (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, 797 F.3d 160, 190 (2d Cir. 2015) (citation omitted). "When a motion to dismiss is granted, the usual practice is to grant leave to amend the complaint." *Davidson v. Cty. of Nassau*, No. CV 18-1182 (GRB), 2020 WL 956887, at *4 (E.D.N.Y. Feb. 26, 2020) (citation omitted). Accordingly, this dismissal is deemed WITHOUT PREJUDICE to amendment, provided, of course, that Plaintiffs have facts warranting such amendment. The Clerk of the Court is directed to enter judgment consistent with this Order.

**SO ORDERED.**

Dated: Central Islip, New York
　　　　March 31, 2021

　　　　　　　　　　　　　　　　　　　　/s/ Gary R. Brown
　　　　　　　　　　　　　　　　　　　　GARY R. BROWN
　　　　　　　　　　　　　　　　　　　　United States District Judge